KEKER, VAN NEST & PETERS LLP
DAVID SILBERT *(pro hac vice will be filed within 30 days)*
dsilbert@keker.com
R. ADAM LAURIDSEN *(pro hac vice will be filed within 30 days)*
alauridsen@keker.com
ERIN E. MEYER *(pro hac vice will be filed within 30 days)*
emeyer@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (NV Bar No. 5566)
wwa@h2law.com
3800 Howard Hughes Parkway
Suite 1000
Las Vegas, NV 89169-5980
Telephone:   702 667 4843
Facsimile:    702 567 1568

Attorneys for Plaintiff RIMINI STREET, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| WEDO TECHNOLOGIES AMERICAS, INC. and MOBILEUM, INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Rimini Street, Inc. ("RSI"), through its attorneys, brings this action and alleges against Defendants WeDo Technologies Americas, Inc. ("WeDo Technologies") and Mobileum Inc. ("Mobileum") (collectively, "Defendants") as follows:

## I.  INTRODUCTION

1. RSI brings this action for declaratory judgment to protect its right to advertise its state-of-the-art technical support services under the WE DO SUPPORT trademark. By this action, RSI seeks a judicial determination that its WE DO SUPPORT mark does not infringe any trademark held by Defendants, and that Defendants have abandoned the purported WEDO trademark they have threatened to assert against RSI.

2. RSI is a global leader in third-party enterprise software support services and has served over 4,000 clients with operations in more than 100 countries—including many Fortune 500 and Fortune Global 100 companies. To that end, RSI has invested considerable resources into building its innovative products and services, as well as the WE DO SUPPORT mark under which RSI sells its cutting-edge services.

3. Defendants have claimed that RSI's use of the WE DO SUPPORT mark and RSI's pending trademark application (U.S. Ser. No. 88/856,584) (the "'584 Application") violate Defendants' purported WEDO mark.

4. RSI's WE DO SUPPORT mark does not infringe any trademark held by Defendants. As an initial matter, RSI's trademark is visually and linguistically dissimilar from WeDo Technologies' purported trademark, so no confusion could result in the marketplace based on the face of the marks alone. Further, the services each party offers and the fields in which each operates are sufficiently different to avoid confusion in the marketplace—especially given the sophisticated nature of the Parties' customers.

5. Finally, Defendants have abandoned any purported WEDO mark when, at minimum, WeDo Technologies was acquired and merged out of existence by Mobileum.

6. For these reasons, RSI seeks a declaration that its WE DO SUPPORT mark does not infringe any trademark held by Defendants, and that Defendants have abandoned any purported WEDO mark.

## II. THE PARTIES

7. Plaintiff RSI is a corporation organized under the laws of Delaware, with its principal place of business in Las Vegas, Nevada. RSI provides third-party enterprise software support services, focused on extending the lifespan of existing software investments, modernizing enterprise applications, and delivering initiatives for business growth and innovation.

8. On information and belief, WeDo Technologies Americas, Inc. is a corporation organized under the laws of Delaware.

9. On information and belief, Mobileum, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Cupertino, California. According to its website, Mobileum provides Telecom analytics for roaming, security and risk management, and end-to-end domestic and roaming testing solutions.[1]

## III. JURISDICTION AND VENUE

10. RSI brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. RSI's claims present a federal question arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has jurisdiction over this federal cause of action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademarks).

11. On information and belief, and as described further below, this Court has jurisdiction over Defendants because they have purposefully and systematically directed activities to the District of Nevada, and this conflict arises out of Defendants' forum-related activities.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c) due to the Defendants' contacts with this District and because substantial activity giving rise to the claims herein occurred in this District.

13. The Defendants have availed themselves of the laws of this State by purposefully directing their activities to Nevada customers.

---

[1] https://www.mobileum.com/about/who-we-are/.

14. Prior to Mobileum's acquisition of WeDo Technologies, WeDo Technologies attended conferences and trade shows in Nevada, including at least one trade show in Las Vegas in 2013:[2]



15. WeDo Technologies expressly aimed its business at the state of Nevada, where it engaged in advertising and met with customers who either lived in Nevada or traveled to Nevada to attend the trade show.

16. Post-acquisition Mobileum continues to direct its business activities to Nevada.

17. For example, on February 25, 2020, Mobileum participated in another trade show in Las Vegas:[3]



---

[2] *See* https://twitter.com/zexavi/status/382166579170914304?s=20; https://twitter.com/h_eismann/status/379662977898934272?s=20.

[3] *See* https://twitter.com/CFCAFraud/status/1232382939985403904?s=20.

At this event, Mobileum connected with potential customers and partners in the field. In fact, Mobileum's website invited visitors to "Pre-book a meeting with our team" in Las Vegas for the event:[4]

18. In addition to inviting customers to visit Mobileum in person in Nevada, Mobileum generally interacts with Nevada customers through its highly interactive website. The site allows customers to, among other things, "Request a Product Demo,"[5] "Request a Meeting,"[6] download its publications,[7] and sign up for blog posts.[8] It also has a live-chat feature to assist website visitors that immediately asks: "Got any questions? I'm happy to help. Before we get started, what's your name?" These various features involve a considerable exchange of

---

[4] https://www.mobileum.com/events/2020/cfca-winter-educational-event/.

[5] https://web.mobileum.com/request-a-product-demo?_ga=2.87976282.39241298.1547738591-334800458.1542817948.

[6] https://web.mobileum.com/meet-us?_ga=2.185617899.39241298.1547738591-334800458.1542817948.

[7] https://web.mobileum.com/datasheet-roaming-intelligence.

[8] *See id.*

information between customers and Mobileum as a business.  In effect, Mobileum's website is no different than a brick-and-mortar location for potential customers to learn about its products, speak with representatives, and schedule follow-up meetings and demonstrations of Mobileum's products.

19. Through its highly interactive website and its intentional and repeated presence at Nevada trade shows, Mobileum purposefully directs its business activities to the Nevada market.

20. This conflict arises directly from Defendants' use of the WEDO mark in Nevada, including their solicitation of business from this state through their websites, through participation in Las Vegas trade shows, and through their express invitation to customers to travel to Nevada to meet with Defendants about their products.  And, as explained below, WeDo Technologies has now reached out to threaten RSI, a Nevada-based company, related to RSI's allegedly infringing use of its own WE DO SUPPORT mark.  In other words, this conflict would not have arisen but for Defendants' forum-related activities.

21. Defendants' conduct created, and continues to create, foreseeable harm to RSI in Nevada, where RSI maintains its headquarters.

## IV. FACTUAL ALLEGATIONS

### A. RSI's WE DO SUPPORT Mark

22. RSI sells third-party enterprise software support services, focused on extending the lifespan of existing software investments, modernizing enterprise applications, and delivering initiatives for business growth and innovation.  RSI's services are specialized and individualized pursuant to the needs of each of its clients.

23. RSI's client base consists of sophisticated consumers in a variety of industries, including Agriculture and Forestry, Business and Professional Services, Communications, Construction, Consumer Packaged Goods, Education, Financial Services, Hospitality, Media, and Technology.

24. RSI sells these services under its WE DO SUPPORT mark—a mark for which RSI has invested substantial time and resources to develop and market as part of the RSI brand.  RSI uses the WE DO SUPPORT mark in its advertising and promotion in over 90 countries.

### B. WeDo Technologies' Acquisition by Mobileum and Abandonment of the Purported WEDO Mark[9]

25. Prior to 2019, WeDo Technologies provided risk management solutions to communication service providers.[10]

26. In August of 2019, WeDo Technologies was acquired and merged out of existence by Mobileum. This transaction is referred to herein as the "Acquisition."

27. As a result of the Acquisition, WeDo Technologies and Mobileum formed such a unity of interest and ownership that WeDo Technologies ceased having a corporate personality separate from Mobileum. For example:

    i) WeDo Technologies' LinkedIn profile states that it will be "disabled soon," features Mobileum's logo, and redirects visitors to Mobileum's LinkedIn profile;"[11]



    ii) WeDo Technologies' former website (www.wedotechnologies.com) now redirects to Mobileum's home page (www.mobileum.com); and

---

[9] The allegations in this section are made on information and belief unless otherwise specified.

[10] https://www.businesswire.com/news/home/20190814005431/en/Mobileum-Inc.-Acquires-WeDo-Technologies.

[11] https://www.linkedin.com/company/wedo-technologies/.

iii)   Mobileum's website features a page that states: "WeDo Technologies is now Mobileum;"[12]



28.   After the Acquisition and re-branding, WeDo Technologies also ceased its independent, day-to-day business operations.  WeDo Technologies' entities in at least Florida, Maryland, and Wyoming are defunct.  And WeDo Technologies has had a tax-delinquent status in Delaware since March 2, 2021.[13]

29.   The leadership of the two entities has also been consolidated.  For example, the former CEO of WeDo Technologies is now the Chief Executive Officer of the "Risk Management Business Unit" of Mobileum.[14]

30.   In other words, WeDo Technologies has become Mobileum.  Publicly available information currently available to RSI indicates that WeDo Technologies' operations and finances are no longer separately maintained from those of Mobileum.

31.   Given the extensive re-branding described above, Defendants have indicated no intent to resume use of the purported WEDO mark.  Defendants have therefore abandoned any WEDO mark.

---

[12] https://www.mobileum.com/about/wedo-technologies-is-mobileum/.

[13] *See* Ex. A.

[14] https://www.linkedin.com/in/ruigoncalvespaiva/.

1668008

32. Moreover, given the Defendants' unity of interest and ownership, and the fact that WeDo Technologies has been completely subsumed by Mobileum, adherence to the fiction of a separate existence for purposes of this matter would promote substantial injustice.

### C. The Controversy Between the Parties and Defendants' Purported WEDO Mark

33. On March 16, 2021, RSI received a letter from Defendants' counsel.[15] In their letter, Defendants claim that they own a purported trademark for "WE DO" in the United States and elsewhere, citing as examples use of the name WeDo Technologies and phrase "What WeDo?" on its website.[16]

34. In the same letter, Defendants demanded that RSI "*immediately cease and desist* any and all use of the WE DO SUPPORT mark" and "expressly abandon the ['584 Application] before the USPTO." Ex. B, p. 2 (emphasis in original).

35. RSI's WE DO SUPPORT mark does not infringe any purported mark of Defendants' for multiple reasons. First, WeDo Technologies (or any other purportedly protectable use of WEDO)—wherein the words WE and DO are combined to form WEDO—is visually and linguistically distinct from RSI's WE DO SUPPORT mark, which contains a space between WE and DO as well as the word SUPPORT rather than Technologies. Although WeDo Technologies claims WE DO—two separate words—as a purported mark in its letter to RSI, none of the examples of the mark's alleged use cited in that letter show use of WE DO as two separate words. Moreover, neither of the examples that WeDo Technologies cites in its demand letter appear to be in use.

36. Second, the Parties sell different products. Whereas Mobileum provides software and analytics focused on roaming, security, fraud, and risk management, RSI sells third-party enterprise software support services focused on specialized integration and interoperability services, enterprise resource planning, product lifecycle management, customer relationship management, and technology software platforms.

---

[15] A true and correct copy of that letter is attached hereto as Exhibit B.

[16] While Defendants claim to own a mark for "WE DO," RSI is unaware of any such mark (containing a space between the two words).

37. Third, the Parties operate in different fields; on information and belief, Mobileum sells exclusively to Telecom businesses, while RSI sells its services to a variety of industries.

38. Fourth, the Parties' sophisticated customer bases, combined with the highly specialized and individualized products that RSI sells, make confusion unlikely in the marketplace.

39. Finally, as explained herein, Defendants have abandoned the WEDO mark, and it appears they have no intent to resume its use.

40. RSI therefore has a reasonable and strong apprehension that it will soon face a trademark action from Defendants.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
*Declaratory Judgment of Non-Infringement of Trademark 15 U.S.C. § 1051 et seq.*

41. RSI incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

42. Defendants have claimed that RSI's WE DO SUPPORT mark constitutes trademark infringement and have demanded that RSI cease and desist its use of the WE DO SUPPORT mark and expressly abandon the '584 Application.

43. A real and actual controversy exists between the parties regarding whether RSI's WE DO SUPPORT mark infringes Defendants' purported trademark(s). The controversy is of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. § 2201. Following Defendants' recent conduct, RSI is faced with either abandoning its rights to sell its third-party enterprise software support services to its customers using the WE DO SUPPORT mark or risk liability for damages.

44. RSI seeks declaratory judgment from this Court that use of its WE DO SUPPORT mark does not constitute trademark infringement.

## SECOND CAUSE OF ACTION
*Declaratory Judgment of Abandonment under the Lanham Act, 15 U.S.C. § 1127*

45. RSI incorporates by reference the allegations in paragraphs 1 through 44 as if fully set forth herein.

46. Defendants have discontinued use of any purported WEDO mark and do not evidence any intent to resume such use, as WeDo Technologies no longer exists, having been acquired by Mobileum's purchase of WeDo Technologies in 2019.

47. In addition, Defendants have ceased to use any purported WEDO mark, as evidenced by, *inter alia*, the closure of the WeDo Technologies website and LinkedIn account, both of which redirect to the Mobileum pages, respectively; the consolidation of WeDo Technologies' leadership into Mobileum's; and the cessation of WeDo Technologies' corporate, day-to-day operations and finances.

48. As set forth *supra*, there exists a controversy between the Parties of sufficient immediacy and reality to warrant declaratory relief under 28 U.S.C. § 2201.

49. As a result of the foregoing, pursuant to 15 U.S.C. §§ 1119 and 1127, RSI is entitled to declaratory judgment from this Court that Defendants have abandoned any purported WEDO mark.

## PRAYER FOR RELIEF

Wherefore, RSI respectfully requests this Court to enter judgment:

1. Declaring that RSI's WE DO SUPPORT mark does not infringe any of Defendants' trademarks;

2. Declaring that Defendants have abandoned the purported WEDO mark;

3. Enjoining Defendants, their agents, attorneys, and assigns from asserting any trademark claims against RSI or any other person in connection with RSI's third-party enterprise software support services, or any related product;

4. Declaring that this case is exceptional and awarding RSI reasonable attorneys' fees and costs;

5. Awarding general and special damages according to proof; and

1668008

6.     Awarding any other relief the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, RSI hereby demands a trial by jury as to all claims so triable.

Respectfully submitted,

Dated:  March 31, 2021          By:     /s/ W. West Allen
W. WEST ALLEN
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway
Suite 1000
Las Vegas, NV 89169-5980
Telephone:    702 667 4843
Facsimile:    702 567 1568
wwa@h2law.com

KEKER, VAN NEST & PETERS LLP
DAVID SILBERT *(pro hac vice will be filed within 30 days)*
R. ADAM LAURIDSEN *(pro hac vice will be filed within 30 days)*
ERIN E. MEYER *(pro hac vice will be filed within 30 days)*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
dsilbert@keker.com
alauridsen@keker.com
emeyer@keker.com

Attorneys for Plaintiff RIMINI STREET, INC.